AMENDED MEMORANDUM * 1. The Board of Immigration Appeals (BIA) erred in denying Jose Manza-narez-Santos’ application for cancellation of removal. An alien’s acceptance of voluntary departure breaks his continuous physical presence only if the decision to depart was knowing and voluntary. See Ibarra-Flores v. Gonzales, 439 F.3d 614, 619 (9th Cir. 2006). Even if one refuses to credit Manzanarez-Santos’ testimony that he was coerced into departing, as the BIA did, the record nonetheless “must contain some evidence that the alien was informed of and accepted” the terms of voluntary departure. Id. (emphasis in original) (citation omitted). There is no such evidence in this case. Here, as in Ibarra-Flores, the government was not able to produce a signed voluntary departure form. See id. Nor is there any other evidence indicating that Manzanarez-Santos was advised of the consequences of voluntary departure or that he accepted voluntary departure in lieu of being placed in removal proceedings. The government’s reliance on notations from the Utah state court’s record of conviction is misplaced. At most, these bare notations are evidence that Manzanarez-Santos knew he would be removed from the United States through some unspecified process, and that he could not reenter unlawfully. But they are not substantial evidence that Manzanarez-Santos was informed of and accepted voluntary departure. Indeed, the notations make no reference to voluntary departure at all. Zarate v. Holder, 671 F.3d 1132 (9th Cir. 2012), on which the dissent relies, is distinguishable. There, an alien was arrested, for possessing a false identification document when entering the United States. Id. at 1133. He was convicted in federal court and returned to Mexico. We held these proceedings broke the alien’s continuous physical presence because the conviction “was a formal, documented process that was the functional equivalent of an adjudication of inadmissibility.” Id. at 1136 (internal quotation marks omitted). While Manzanarez-Santos was subject to a formal proceeding in state court before his return to Mexico, that proceeding was not “the functional equivalent of an adjudication of inadmissibility.” Id. In Zarate, the court emphasized that the defendant pleaded guilty to an offense that “directly relat[ed] to his attempted reentry.” Id. at 1137. The resolution of the criminal charge effectively resolved the question of admissibility as well. Not so here. The offense to which Manzanarez-Santos pleaded guilty, making a false credit report, is unrelated to his immigration status or the circumstances of his entry into the United States. And even if the Utah court proceeding did purport to determine Manzanarez-Santos’ legal status, it could not constitute an adjudication of inadmissibility. Unlike in Zarate, the proceeding here was before a state court, not a federal court. It is well settled that state entities “enjoy no power with respect to the classification of aliens.” Plyler v. Doe, 457 U.S. 202, 225, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982). Accordingly, Ibarra-Flores, not Zarate, guides this court’s analysis. Because it is undisputed that Manzana-rez-Santos otherwise satisfies the continuous physical presence requirement, we remand to the BIA with instructions to remand to the immigration judge to determine whether Manzanarez-Santos meets the remaining requirements to be eligible for cancellation of removal under 8 U.S.C. § 1229b(b). 2. Substantial evidence supports the BIA’s conclusion that a protected ground is not one central reason for Manzanarez-Santos’ feared persecution. A motive is a central reason if that reason, “standing alone,” would lead the persecutor to harm the applicant. Parussimova v. Mukasey, 555 F.3d 734, 741 (9th Cir. 2009). While the Los Zetas cartel targeted members of Manzanarez-Santos’ family in Mexico, the cartel’s central motive appears to have been desire for money. Cartel members kidnapped Manzanarez-Santos’ aunt, apparently at random, and demanded a ransom. And when the cartel members targeted other members of the family, they continued to demand that the ransom be paid. Absent this financial motive, there is no evidence that the cartel would have kidnapped and killed members of Manzana-rez-Santos’ family. Those financial motives do not bear the requisite nexus to a protected ground. Zetino v. Holder, 622 F.3d 1007, 1015-16 (9th Cir. 2010). Since the BIA properly denied Manza-narez-Santos’ asylum application for failure to establish nexus, we need not address whether the application was timely filed. 3. The BIA denied Manzanarez-Santos’ application for withholding of removal under the incorrect legal standard. Asylum applicants must demonstrate that a protected ground is. “one central reason” for their persecution, but applicants for withholding of removal need only show that a protected ground is “a reason” for their persecution. Barajas-Romero v. Lynch, 846 F.3d 351, 360 (9th Cir. 2017). The “a reason” standard is “less demanding.” Id. Because the BIA erroneously considered Manzanarez-Santos’ withholding application under the “one central reason” standard, we remand for reconsideration under the correct standard. PETITION GRANTED IN PART; DENIED IN PART; and REMANDED. This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3,